DALTON *v.* BRADLEY LUMBER COMPANY.

Opinion delivered September 23, 1918.

INFANTS—REMOVAL OF DISABILITIES.—The statute which authorizes the removal of the disabilities of minors applies only to such minors as are capable of attending to their own business, and an order of the probate court removing the disabilities of a minor under the age of fourteen years is void on collateral attack.

Appeal from Bradley Chancery Court; *Z. T. Wood,* Chancellor; reversed.

*John Baxter* and *R. W. Baxter,* for appellants.

The order was void as the plaintiffs were under fourteen years of age. It was void on its face. Kirby's Digest, § 1309; 54 Ark. 627; 123 Ark. 389; 185 S. W. 798; 48 Ark. 305.

*D. A. Bradham,* for appellee.

The order was not void on collateral attack. The court had jurisdiction. 100 Ark. 69; 47 *Id.* 413.

SMITH, J. The complaint in this cause alleged that on January 23, 1907, the Calhoun Circuit Court made an order removing the disability of minority of four infants, all of whom were, at the time, under the age of fourteen years, for the purpose of enabling them to convey their interest in a tract of land which they had inherited from their father.

A demurrer to this complaint was sustained on the ground that the judgment of the court removing the disabilities of the minors was not subject to the collateral attack here made on it, and this appeal questions the accuracy of that decision.

The exact point was decided by this court in the case of *Doles* v. *Hilton,* 48 Ark. 305, the syllabus of which case reads as follows: "The statute which authorizes the removal of the disabilities of minors applies only to such minors as are capable of attending to their own business; and an order of the probate court removing the disabilities of a minor under the age of fourteen years is void."

In construing the statute (section 1309, Kirby's Di-

gest) under which the order removing the disability in that case, as well as in this one, was made, Judge Battle, speaking for the court, said:

"It is obvious that the act authorizing the removal of disabilities of minors was only intended to apply to such minors as are capable of transacting their own business."

And he further said: "It is contrary to all reason to suppose that the intention of the act in question was to authorize any court to empower a minor under fourteen to do an act requiring a higher qualification to do than an act he is presumed, under the statute, to be incompetent to perform. Construing all the statutes on the⸱subject together, and governed by the manifest intent of the act in question, we conclude that no court has or had the authority, under the act in question, to remove the disabilities of a minor under fourteen years of age."

The necessary effect of this decision is that no testimony could have been heard or showing made, which would have authorized the court to remove the disabilities of these minors, and the action of the court in doing so was *coram non judice*. The proceeding is as void as if there had been no statute on the subject, because the statute has no application to minors under the age of fourteen.

The judgment of the court below sustaining the demurrer will, therefore, be reversed and the cause remanded with directions to overrule it.