McLeiter *et al. v.* Rackley.[*]

(Division A.   Oct. 10, 1927.)

[114 So. 128.   No. 26490.]

1. Infants. *Adverse possession did not run against infant until reaching majority, as to land inherited from mother and not held adversely to mother.*

   Where land claimed under inheritance from mother was not held adversely to mother, adverse possession did not begin to run against claimant until she had reached her majority.

2. INFANTS. *Next of kin may waive issuance of summons in proceeding to remove disabilities of minority.*

The issuance of a summons may be waived by next of kin in a proceeding for removing disabilities of minority.

3. INFANTS. *Decree removing disabilities of minority need not recite that chancellor heard evidence in support thereof.*

It is not necessary that a decree removing disabilities of minority recite that chancellor heard evidence in support thereof; it being presumed that he properly satisfied himself that disabilities should be removed.

4. INFANTS. *Chancery court may remove disabilities of minority of person under fourteen years of age (Hemingway's Code 1927, sections 314, 318).*

Under Code 1906, section 543 (Hemingway's Code 1927, section 314), authorizing chancery court to remove disabilities of minority, and section 546 (Hemingway's Code 1927, section 318), providing for such decree as may be for the best interest of minor, chancery court has power to remove disabilities of minority of a person under fourteen years of age, since infants will not be conclusively presumed to be without discretion at such age.

*Corpus Juris-Cyc. References: Infants, 31CJ, p. 1009, n. 10, 11, 13; p. 1010, n. 45 New, 50; p. 1011, n. 75; p. 1012, n. 77; On the question as to when adverse possession begins to run against infant, see 1 R. C. L. 759; 1 R. C. L. Supp. 253.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Suit by Thelma Goodier Rackley against Mrs. Ida McLeiter and another. Decree for complainant, and defendants appeal. Affirmed in part, and in part reversed and remanded.

*Gardner & Brown* and *Ford, White, Graham & Gautier,* for appellants.

I.   The conclusions of law announced by the chancellor on the question of adverse possession are correct when supported by the proper state of facts. But such are not the facts here. A careful reading of the chancellor's opinion touching this point will readily disclose

that the facts here in evidence do not support the legal conclusions announced by the court.

II.   The all-important question on this appeal is the validity of the proceedings for the partial removal of ap-pellee's minority disabilities in 1913.   The chancellor held this proceeding void on the ground that the chancery courts of our state are without power to remove the dis-abilities of a minor under fourteen.

(a)   It is true that, *in the caption,* the proceeding is styled an *ex parte one.*   But the caption is only a matter of clerical usefulness and is not such a part of the plead-ing that its contents may be used to aid the averments of the bill.   *Thames* v. *Mangum,* 87 Miss. 579.

Neither is a technical characterization given in the pleadings determinative of the true *status* of the matter. *Aetna Ind. Co.* v. *State, to use, etc.,* 101 Miss. 703; *Bull* v. *Dagenhard,* 55 Miss. 602.

The petition and decree plainly show that, except for the caption *"ex parte,"* nowhere is there any suggestion that the proceeding was so intended.   On the contrary, every circumstance supports our contention that the pro-ceeding was an adversary one, and meets every require-ment of our statutes.   Section 301, Hemingway's Code.

(b)   In the instant case the petition *is* by the minor by her next friend.   It states the age of the minor and shows that she has neither father nor mother living.   It names two of her nearest kin within the third degree, her brother, E. J. Goodier, and her brother, H. E. Goodier. The record does not show whether process was issued or not, but on the same date the two parties named in her petition entered their appearance and by a short answer consented to a decree removing the disability of minority of their infant sister.

This proceeding in every respect literally complies with section 301 of Hemingway's Code, except possibly as to the issuance of the citation to the next kin named in the petition.   It is not necessary, however, that process be

issued, if the defendants appear and answer. The court then had jurisdiction of the parties and the subject-matter, and under the law he had the right to hear the case at any time agreeable to him and the parties. *Bazor* v. *Newman Lbr. Co.,* 133 Miss. 538; *Poole* v. *Jones,* 136 Miss. 645.

The answer is: "We, the brothers and next of kin of Thelma Goodier, hereby enter our appearances to the petition for the removal of the disabilities of minority of said minor, and consent to a decree," etc.

Notwithstanding the fact that the brothers were young men, or that they were jointly interested in the property, they were the proper defendants to the proceeding. *Theobold* v. *Deslonde,* 93 Miss. 208.

(c) It is contended by appellee that she knew nothing about the petition filed in 1913, and that she did not consent thereto, etc. The testimony of Mrs. Williams, *nee* Aline Sorrell and the testimony of E. J. Goodier show that appellee was fully advised of the petition at the time it was filed.

Be that as it may, appellee's consent to the proceedings was not necessary. In fact, before the removal of her disabilities she had no authority to consent to the removal thereof. 31 C. J. 1126, notes 93 and 94; *Ib.,* p. 1134, notes 42, 43 and 44; *Johns* v. *Harper,* 61 Miss. 142; *Gusdorfer* v. *Gundy,* 72 Miss. 312.

Incidentally, we may remark that in proceedings for removing a minor's disabilities, our statute does not make it mandatory for the court to hear testimony, but leaves it a matter of discretion. Moreover, in the absence of protest or objection by the next of kin defendants, the allegations of the sworn petition are to be taken as evidence on a decree in favor of the minor.

(d) We now come to the major question presented by this appeal, namely, the correctness of the chancellor's decision that the chancery courts of Mississippi are without power to remove the disabilities of a minor under fourteen years of age. The learned chancellor bases his

decision upon two Arkansas cases, *Doles* v. *Hilton,* 3 S.
W. 193, and *Dalton* v. *Bradley Lbr. Co.,* 205 S. W. 695.
In so doing the court not only overlooked the difference
between the constitutional and statutory provisions touch-
ing the subject as respectively exists in Arkansas and
Mississippi, but he also disregarded the substance and ef-
fect of all former expressions of this court with refer-
ence to proceedings for removing a minor's disabilities.
Section 300 of Hemingway's Code is as follows: ''The
chancery court of a county in which a minor resides may
remove the disability of his minority.'' In neither our
Constitution nor our statute is there any restriction or
limitation, express or implied, upon the power of a chan-
cery court to remove a minor's disabilities of minority.
It is a matter resting in the sound discretion of the court,
to be exercised or not according to the facts of each par-
ticular case.

All questions involving the validity of such proceedings
must be determined solely by the statute, and the law
must furnish in itself a certain guide for determining all
questions relating thereto. *Marks* v. *McElroy,* 67 Miss.
545.; *Jackson* v. *Jackson,* 105 Miss. 874; *Hindman* v.
*O'Conner* (Ark.), 13 L. R. A. 490; *Green* v. *Weller,* 32
Miss. 650; *Y. & M. V. Railroad Co.* v. *Scott,* 108 Miss. 871.
These cases do not involve the question here before the
court, but are cited to show the unsoundness of the doc-
trine announced by the Arkansas court in the two de-
cisions followed by our chancellor, so far as they apply
to our own jurisprudence.

Therefore we submit to the court the query: Can the
presumptions of the common law be extraneously ap-
plied, much less support a decision, in deciding a matter
unknown to the common law? We submit that they can-
not.

We have no statute in this state recognizing or adopt-
ing the aforementioned presumptions of the common law,
save section 1964 of Hemingway's Code, which confers
upon minors fourteen years old and upwards the right

to select his or her guardian. But this statute is now conclusive of a minor's capacity; it merely confers a statutory right with reference to a single act.

Certainly the arbitrary rule which the learned chancellor has sought to engraft upon our jurisprudence is not adapted to our institutions, circumstances or usages, nor is it justified or warranted by the plain and unambiguous language of our statute. Court in *Hughes* v. *Kaw,* 97 So. 467.

"There is but one thing for the court to do in cases of this sort, and that is to follow strictly the plainly marked out directions of the law." *Lake* v. *Perry,* 95 Miss. 566; *Koch* v. *Bridges,* 45 Miss. 258.

In order for appellee to prevail in this case, it must be conceded that the chancery courts of Mississippi are without power, under any circumstances, to remove the disability of minority of a minor fourteen years old. Such is not the law. Section 543, Code 1906.

We have no statute in this state fixing the age at which the chancery court can or cannot remove such disability. Our laws are so enacted that the chancery courts can do almost anything for minors, can even change their names. The court is the guardian of the minor and is given full jurisdiction over all the affairs as well as the person of minors.

The judgment of the court is substituted for the judgment of the minor. The mere signing of the deed by the minor is immaterial. The same result would be reached by having a guardian appointed; the guardian applies for a sale of the property of the minor, and the minor is never consulted and never acts. Suppose that course had been followed here. The minor would just as thoroughly have been divested of her interest in the property, and no one would dispute the validity of it on account of age. Our law is magnanimous and is looking to the interest of the minor. It never intended that the minor use his or her judgment. If so, we need have no age line between infants and adults. So long as the

minors get value for their property, the law is complied with.

No court has ever held there is an age limit in such cases, express or implied, except the supreme court of Arkansas. The two Arkansas cases, which the learned chancellor felt he must follow, are not authority at all for appellee. The statute under review in the Arkansas cases is as different from our statute as daylight from dark. See *Dales* v. *Hilton,* 48 Ark. 305, 3 S. W. 193; *Dalton* v. *Bradley Lumber Company,* 205 S. W. 695.

Our court does not legislate. *Lake* v. *Perry,* 95 Miss. 550; *Hamner* v. *Lumber Co.,* 100 Miss. 349; *State* v. *Taylor,* 100 Miss. 544; *State* v. *Newman Lumber Co.,* 103 Miss. 263.

"The courts must look to the statute itself for the legislative intent and cannot make law by judicial construction." *Abbot* v. *State,* 106 Miss. 340; *Holly Springs* v. *Marshall County,* 104 Miss. 752; *Prather* v. *Goodge,* 108 Miss. 670.

Aside from the above points, the minor was required to disaffirm her deed within the statutory period, after attaining majority.

Furthermore, we submit for the consideration of the court section 3122, Code of 1906. If this property was sold by order of court, then of course appellee has no standing. It may be, however, the statute is inapplicable but we ask the court's consideration.

*R. W. Thompson, Jr.,* for appellee.

I. Appellants say: "The court erred in holding void the proceedings for removal of appellee's disabilities of minority." In proceedings in chancery of this nature where the authority expressly conferred upon the court, such proceedings must follow the strict letter of the statute, and where it fails so to do, such proceedings is entirely void.

148 Miss.—6.

From an inspection of the petition, it can readily be seen that such petition is an *ex parte* proceeding it does not show that appellee, Thelma Goodier, joins in said petition; it only reveals that the petition was brought by her next friend and first cousin, Aline Sorrell, and that she did not join in with said next friend. This is further borne out by the appellee's testimony. Section 545 of the Code of 1906, Hemingway's Code, section 302, provides for removal of disabilities of minority.

The decree shows on its face that Thelma Goodier did not join in the petition, but came only by her next friend, Aline Sorrell. *Marks, Rothenberg & Company* v. *McElroy,* 67 Miss. 545. A long line of decisions support this contention, and we will only cite a few of them. *Hyman* v. *O'Connor,* 13 L. R. A. 490, 31 Corpus Juris, 1009, and notes 16, 17, 18, 19 and 20; Black on Judgment, secs. 279, 280; Freeman on Judgments, sec. 123; *Ballard* v. *Davis,* 31 Miss. 525; *Curry* v. *Stewart,* 27 Miss. 52; *Hamilton* v. *Locket,* 41 Miss. 460; *Temple* v. *Hammock,* 52 Miss. 360; *Fitzpatrick* v. *Beal,* 62 Miss. 244; *Sampley* v. *King,* 51 Miss. 728; *County* v. *Buckley,* 85 Miss. 713; *Hawkins* v. *Carroll,* 50 Miss. 735; *Lester* v. *Miller,* 76 Miss. 307, 24 So. 193; *Harris* v. *State,* 72 Miss. 960; 18 So. 387; *White* v. *Railroad Co.,* 64 Miss. 566, 1 So. 730; *Craft* v. *DeSoto Co.,* 79 Miss. 616, 31 So. 204; *Rogers* v. *Homes,* 63 Miss. 578; *Bank* v. *Johnson,* S. & M. 449; *Vick* v. *Mayor,* Howard 379; *Harvey* v. *Tyler,* 69 U. S. 2; *Satcher* v. *Power,* 6 W. T. 127; *Yochim* v. *Page,* 85 U. S. 350, and the cases following and citing: *Lake* v. *Terry,* 95 Miss. 550.

The following decisions cite and follow the case of *Lake* v. *Perry,* which is a leading case on this question: 72 So. 278, 90 So. 181, 91 So. 469, 95 So. 72. We especially direct the court's attention to the case of *Lake* v. *Perry* and also *Jackson* v. *Jackson,* 105 Miss. 868, which case is practically on all fours with the case at bar. The following decisions have followed or cite *Jackson* v. *Jackson,* 90 So. 182, 91 So. 469, 95 So. 72, 97 So. 761.

Therefore, from the foregoing it is clearly shown such proceeding was not an adversary proceeding, but an *ex parte* proceeding, and the law as cited above has been laid down so forcibly and exhaustively by the supreme court of this state, that it is mere folly to try to urge otherwise on this proposition.

II.   The chancery court in this state does not have the power to remove the disabilities of minority of a minor under fourteen years of age.  31 Corpus Juris 987.   In passing on the petition such as the one herein attached where the disabilities are removed to effect a sale, the chancery court does not of itself pass judgment as to whether or not the sale is good or bad, but only as to whether or not the minor is capable of passing upon it himself.   In the petition for removal of disability of appellee in 1913, it specifically averred that said minor "is of fair intelligence and is fully capable of taking care of her interest in the proceeds of said lot."  Certainly a twelve-year-old girl is not of sufficient age to handle such matters to her best interest.

The undisputed evidence in this case is that Thelma Goodier Rackley, appellee herein at the time of the attempted proceedings to remove her disabilities as a minor was only twelve years of age, wholly incapable under the law in force to select a guardian to look after her interest because of the common-law restrictions making all minors incapable of binding themselves by contract to protect them from being over-reached, worked a hardship on those capable of making beneficial contracts and advantageously managing their own affairs.   The legislature in a number of states in their wisdom have seen fit to authorize the probate, district and chancery court to remove the disabilities of such minors theretofore handicapped by common-law regulations.   Had it not been the purpose of and intention of the legislature to authorize the removal of such disabilities only where the minor had reached an age of discretion, ability, reason

and good judgment that would enable him to make beneficial contracts, but for the restrictions opposed by the common law, the legislature with one broad sweep would have passed an act removing the disabilities of all minors.

Under section 2403, Code 1906, Hemingway's Code, section 1964, it is provided that a minor who is over the age of fourteen years has the power to select a guardian, and then only that such guardianship shall meet the approval of the court, and if such selection by minor over fourteen years of age is not deemed suitable, the chancery court may have the power to appoint the natural guardian even if the one selected was one other than the natural guardian of such minor.

It is contrary to human experience, common knowledge and good reason to assume that the statutes attempted to give any court jurisdiction to remove the disability of a minor under fourteen years of age before which time they are held by law incapable to select a guardian to look after their interests and thereby place upon such minor a burden of managing, contracting and dealing with reference to her estate, when under the law in force she is conclusively deemed to be wholly incompetent and incapable of selecting her guardian.

We call the attention of the court to two supreme court decisions of the state of Arkansas rendered in *Dole v. Hulton,* 48 Ark. 305, decided in 1887. See, also, *Terys v. Johnson,* 292 S. W. 122, and *Dottan v. Bradley Lumber Company,* 135 Ark. 392, 205 S. W. 695, decided in 1918.

The statute of Mississippi like the statutes of Arkansas provides and conclusively presumes that a minor under fourteen years of age has not the ability, good judgment and is incapable to select a guardian to care for and look after its property interest, and for this interest the burden of looking after the minor's interest under fourteen years of age has been assumed by the state and its Constitution and statutes placed upon the probate court and the guardians appointed thereunder

held under bond to faithfully discharge the duties incumbent upon them in protecting the minor's interest.

Counsel for the appellant in both of their briefs filed herein argued long and exhaustively in their ingenious argument in vain to discredit the two Arkansas decisions which are the leading cases in America on this point and attempted to hold them inapplicable to the case at bar, however, when their arguments are boiled down and only the residue remain, it is still apparent that the two cases and the statutes which they construed and passed on are practically analogous to the Statutes in Mississippi.

III.   Another assignment of error is that "the court erred in holding that the appellant had not acquired title by adverse possession to that part of the lot involved which was not included in the deed executed by the appellee."   See *McCaughan* v. *Young,* 85 Miss. 277, 38 So. 839; *Wilmot* v. *Yazoo, etc., R. R. Co.,* 76 Miss. 374, 24 So. 701; *Bean* v. *Tucker,* 58 Miss. 487; *Davis* v. *Bowman,* 55 Miss. 671; *Rothschild* v. *Hatch,* 54 Miss. 554; *Adams* v. *Guice,* 30 Miss. 397; *Green* v. *Mizell,* 54 Miss. 220.

IV.   Appellant says: "That the court erred in holding that the appellee's rights to bring this suit was not barred by limitation."   Appellee was born in 1901 and was married in February, 1920, and brought this action within seven years after her marriage, and immediately upon her learning that an attempt had been made to remove her disabilities of minority through court proceedings had in 1913.

There is no evidence whatsoever an anything said or done by appellee during the lapse of the years out of which an estoppel can be worked, and it has been settled in this state beyond a question that no period of time sought of the bar of the Statutes of Limitations can be used as a mere bar of limits, or as furnishing any laches which would constitute of an equitable bar to the bringing of a suit.   For authorities of this point, see *Cox* v.

*Mortgage Company,* 88 Miss. 97, 4 So. 739. Also: *Hill*
v. *Nash,* 73 Miss. 826, 19 So. 707; *Houston* v. *Building
Ass'n,* 80 Miss. 31, 31 So. 540.

Argued orally by *Chas. S. Brown,* for appellants, and
by *R. W. Thompson,* for appellee.

Smith, C. J., delivered the opinion of the court.

The appellee brought this suit in the court below for a
partition of two adjoining parcels of land in which she
claims to own a third interest inherited from her mother,
and, from a decree in accordance with the prayer of the
bill of complaint, the appellants have brought the case to
this court.

As to one parcel of land, the appellants claim to have
acquired the appellee's title thereto by adverse posses-
sion, and as to the other they claim under a deed exe-
cuted thereto by the appellee while she was a minor pur-
suant to an order of the chancery court removing her
disabilities of minority.

As to the appellants' claim to have acquired title to one
parcel of the land by adverse possession, it will be suffi-
cient to say that the court below committed no error in
holding that this land was not held adversely to the ap-
pellee's mother, and therefore did not begin to run
against the appellee until she had reached her majority,
which was less than ten years before this suit was
brought.

As to the other parcel of land, the appellee's conten-
tions are: (1) That her disabilities were removed with-
out her knowledge or consent; (2) that the procedure
provided by section 544, Code of 1906 (Hemingway's
Code 1927, section 316), was not here complied with;
and (3) that the chancery court is without power to re-
move the disabilities of minority of a person under four-
teen years of age.

Assuming that a minor's knowledge thereof and consent thereto is necessary to the validity of a decree removing disabilities of minority, it is manifest that the decree by which the appellee's disabilities of minority were removed was rendered with her knowledge and consent.

The petition for the removal of the appellee's disabilities of minority is in her own name, "by her next friend, Aline Sorrell," and alleges:

That "the said minor is thirteen years of age, that she has neither father nor mother living, and that her next of kin are her two brothers, E. J. Goodier of Beaumont, Tex., and H. E. Goodier, 925 Orleans street. New Orleans, La., she having no other brothers or sisters."

The petition was sworn to by Aline Sorrell.

No process was issued for the appellee's two brothers, for the reason that they entered their appearance in writing, and consented "to decree for the removal of the disabilities of said minor as prayed in said petition."

The decree removing the appellee's disabilities of minority recites that:

"The brothers and next of kin of said minor having entered their appearance to said petition, and consented to a decree according to the prayer thereof, ordered, adjudged and decreed that the disabilities of minority be removed to the extent of enabling her to join her two brothers in executing a deed to the said lot of land, and in executing a valid receipt for the purchase money thereof."

Pleadings may be signed by the party or his solicitor (section 576, Code of 1906 [Hemingway's Code 1927, section 351]), and, as recently held in *Wilkerson* v. *Swayze,* 147 Miss. 141, 113 So. 327, the issuance of a summons may be waived by the next of kin in a proceeding for the removal of disabilities of minority.

It is not necessary for a decree removing disabilities of minority to recite that the chancellor heard evidence in

support thereof. That he properly satisfied himself that the disabilities should be removed will be presumed.

Section 543, Code of 1906 (Hemingway's Code 1927, section 314), which confers upon the chancery court power to remove disabilities of minority, does not prescribe a minimum age therefor; the only requirement in this regard being that of section 546, Code of 1906 (Hemingway's Code 1927, section 318), that the court shall enter such decree "as may be for the best interest of the minor." It may be that there is an age under which infants will be conclusively presumed to be without discretion, but the age of thirteen is not. *Potera* v. *Brookhaven*, 95 Miss. 774, 49 So. 617. The cases of *Doles* v. *Hilton et al.*, 48 Ark. 305, 3 S. W. 193, and *Dalton* v. *Bradley Lumber Co.*, 135 Ark. 392, 205 S. W. 695, were decided under a statute different from ours, and therefore are of no value here.

The decree of the court below will be reversed in so far as it holds that the deed executed by the appellee was void, but in all other respects will be affirmed.

*Affirmed in part, reversed in part, and remanded.*