### CRABTREE v. BONNER.

4-4213

Opinion delivered March 9, 1936.

*J. P. Clayton* and *Mark E. Woolsey,* for appellants.
*T. A. Pettigrew,* for appellees.

HUMPHREYS, J. On the 14th day of May, 1934, appellants brought suit in ejectment in the circuit court of Franklin County, Charleston District, against appellees to recover the possession of the S½ of the NE¼, section 25, and the N½ of the NE¼, section 36, in township 9, range 29 west, containing 240 acres, more or less, alleging that they are owners thereof by inheritance from their mother, who died in the year 1905, leaving her surviving her husband, John Crabtree, and appellants, who

are her only children and heirs. It was alleged in the complaint that the father, John Crabtree, had curtesy rights in said real estate, the fee being in them subject to the curtesy rights of their father, who died on the first day of June, 1932. And it was also alleged in the complaint that appellees are in the unlawful and wrongful possession of the real estate. Appellees filed an answer denying that appellants are the owners of said real estate or that they (appellees) are in the unlawful and wrongful possession of said real estate, but that they (appellees) are in the rightful possession thereof by purchase through mesne conveyances from John Crabtree and appellants, who joined in the warranty deed to said lands to Leonard Burcham on the 20th day of October, 1904, in consideration of $1,700 paid to them in cash. That appellants were authorized to execute said deed under a decree removing appellants' disabilities, who were, at the time, minors of the ages respectively of 13, 15, and 17 years. They also pleaded the statute of limitations and laches as additional affirmative defenses.

Copies of the mesne conveyances, including said decree, or muniments of title, were filed as exhibits to the answer.

A reply to the answer was filed by appellants attacking the validity of the decree removing their disabilities and denying that they were barred by limitations and laches.

Other issues were joined in the pleadings which it is unnecessary to set out, as the case went off on demurrer raising the validity of the decree removing the disabilities of appellants so that they might convey said real estate to Leonard Burcham, through whom appellees acquired title; and, whether appellees are barred.

On motion of appellants, the cause was transferred to the chancery court, where the demurrer was sustained to the complaint, and the cause was dismissed without a trial upon the merits, from which is this appeal.

The first question arising is whether the decree removing the disabilities of appellants is void or whether voidable only. At the time the decree was rendered, chancery courts in this State were authorized to remove

the disabilities of minors generally and for all purposes so that they might transact business the same as an adult after they had attained the age of 14 years, but not before.

This court held in the case of *Doles* v. *Hilton,* 48 Ark. 305, 3 S. W. 193, that a judgment removing the disabilities of a female minor under the age of 14 years is void and is open to collateral attack. Referring to the decision in *Doles* v. *Hilton, supra,* in *Dalton* v. *Bradley Lumber Company,* 135 Ark. 392, 205 S. W. 695, this court said: "The necessary effect of this decision is that no testimony could have been heard or showing made which would have authorized the court to remove the disabilities of these minors, and the action of the court in doing so was *coram non judice.* The proceeding is as void as if there had been no statute on the subject, because the statute has no application to minors under the age of 14."

This rule was reiterated and applied in the case of *Tays* v. *Johnson,* 173 Ark. 223, 292 S. W. 122. Under the ruling in the cases referred to, the decree as to the minor who was 13 years of age was absolutely void and subject to collateral attack. As to the minors who were 15 and 17 years of age, respectively, the decree was voidable and not subject to collateral attack, and this is a collateral attack upon the decree. They should have brought a suit to set aside the decree within the time prescribed by law after arriving at their majority. Having failed to do this, they are barred the same as adults would be. The decree being void and ineffective as to the minor who was only 13 years of age when it was rendered did not have to move to set aside the decree after attaining her majority. As to her, it did not amount to more than a blank sheet of paper. Her right of action to recover the property did not accrue until the death of her father, John R. Crabtree, who owned a curtesy interest therein. He died on the first day of June, 1932, and she had seven years from that date to institute her suit.

The decree dismissing the complaint as to Lindsey Crabtree and Gertrude Atkinson is affirmed. The de-

cree dismissing the complaint as to Pearl White is reversed, and the cause is remanded for further proceedings in accordance with the law.